### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PATRICIA ASHTON DERGES,**

**Petitioner,**

**v.**

**Case No. 25-CV-01804-SPM**

**INTERIM WARDEN ALATARY,**

**Respondent.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Patricia Ashton Derges, an inmate who was incarcerated at the Federal Correctional Institution ("FCI") Greenville,[1] brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

On January 20, 2021, Derges was indicted in the United States District Court for the Western District of Missouri on eight counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of distribution by means of the internet without a valid prescription, in violation of 21 U.S.C. § 841(h)(1); and two counts of making false statements, in violation of 18 U.S.C. § 1001. *United States v. Derges*, No. 21-CR-

---

[1] Derges was incarcerated at FCI Greenville when she filed the instant petition. (Doc. 1). She is currently incarcerated at FCI Hazelton in West Virginia. (Doc. 15). Because Derges filed the petition while she was incarcerated within this district, this Court retains jurisdiction over her suit. *See In re Hall*, 988 F.3d 376, 378 (2021).

03016-BCW-1 (Doc. 1). On March 23, 2021, Derges was indicted in a Superseding Indictment including all twenty of the original charges plus three additional counts of wire fraud. *Id.* (Doc. 18). On June 28, 2022, a jury found Derges guilty of ten counts of wire fraud, eight counts of distribution by means of the internet without a valid prescription, and three counts of making false statements. *Id.* (Doc. 182). Derges was sentenced to 75 months in prison for each count of wire fraud and all but one count of distribution by means of the internet without a valid prescription and 60 months in prison for the one count of distribution by means of the internet without a valid prescription and each count of making false statements, with all time served concurrently. *Id.* (Doc. 209).

Derges filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 19, 2025. (Doc. 1). Because Derges failed to pay the filing fee, the case was dismissed without prejudice on December 5, 2025. (Doc. 7). On February 2, 2026, Derges moved to reopen the case (Doc. 12), and the Court reopened the case the following day, (Doc. 13). On February 10, 2026, Derges paid the $5 filing fee.

In the instant Petition, Derges argues that her release to the community date has been improperly calculated. (Doc. 1, pp. 2, 6–7). She claims that she repeatedly attempted to appeal this issue within the prison but that her appeals were lost or refused. (*Id.*, pp. 2–3).

Derges raises four related issues, arguing that: (1) her release to the community date should be September 24, 2025; (2) in June 2025, her release date was inaccurately calculated by an inexperienced case worker; (3) the prison has lost or

refused to accept her "Remedies"; and (4) new prison directives are causing her to be held longer. (*Id.*). Without commenting on the merits of the claims, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Derges is not entitled to habeas relief.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Respondent Interim Warden Alatary shall answer or otherwise plead on or before May 18, 2026.  Additionally, Respondent shall respond to Petitioner's Motion for Emergency Release (Doc. 17) on or before May 18, 2026. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Derges is **ADVISED** of her continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 16, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**