**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICIA ASHTON DERGES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-1804-MAB** |
| | ) | |
| **INTERIM WARDEN ALATARY, FCI GREENVILLE,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiff Patricia Ashton Derges, also known as Tricia Derges, filed this Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the calculation of her release date to the community (Docs. 1, 18). Plaintiff filed this case on September 19, 2025 while incarcerated at the Federal Correctional Institution ("FCI") Greenville (Doc. 1).[1]

This case was initially dismissed without prejudice on December 5, 2025 because Plaintiff failed to pay the filing fee (Doc. 7). On February 2, 2026, Plaintiff filed a motion to reopen the case (Doc. 12), and the Court reopened the case the following day (Doc. 13). On February 10, 2026, Plaintiff paid the $5 filing fee. Plaintiff was then transferred to FCI Hazelton (Doc. 15). In her present writ, Plaintiff raises four related issues: (1) her release

[1] Plaintiff was incarcerated at FCI Greenville when she filed the instant petition (Doc. 1). She was subsequently transferred to FCI Hazelton in West Virginia (Doc. 15). Because Plaintiff filed the petition while she was incarcerated within this district, this Court retains jurisdiction over her suit. *See In re Hall*, 988 F.3d 376, 378 (2021).

to the community date should be September 24, 2025; (2) in June 2025, her release date was inaccurately calculated by an inexperienced case worker; (3) the prison has lost or refused to accept her "Remedies"; and (4) new prison directives are causing her to be held longer (Doc. 1, pp. 6-7).

Plaintiff was repeatedly advised of her continuing obligation to keep the Clerk of Court informed of any change in her address and that her failure to do so may result in dismissal of her case (Docs. 3, 16, 18, 33). Documents relevant to this lawsuit were mailed to Plaintiff and return to the Court as undeliverable (Doc. 27). Moreover, the Federal Bureau of Prisons website indicates that Plaintiff has been released from FCI Hazelton. *See* https://www.bop.gov/inmateloc/ (Last visited: Sept. 11, 2026).

The Court ordered Plaintiff to show cause by August 28, 2026 as to why this case should not be dismissed based on Plaintiff's failure to comply with the Court's Order to update her address (Doc. 33). Plaintiff was explicitly warned that if she failed to respond to the Order to Show Cause, this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket (*Id.*). *See* FED. R. CIV. P. 41(b). To date, Plaintiff has not filed any type of response or made any effort to otherwise communicate with the Court.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and

an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

## CONCLUSION

Consequently, this matter is **DISMISSED** with prejudice pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 11, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending her case in this Court. If Plaintiff wishes to contest this decision, she can appeal to the Seventh Circuit by filing a notice of appeal in the district court *within 30 days* of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). This deadline can be briefly extended upon a motion demonstrating excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff also has the option—prior to filing a notice of appeal—of filing a post-judgment motion under Rule 59(e) or Rule 60 asking the undersigned to reconsider the judgment. Any such motion, so long as it is in proper form and timely filed, will stop the clock for filing a notice of appeal until the district court has decided the motion. FED. R. APP. P. 4(a); *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015). To be "proper," the motion must state the grounds for relief from the adverse judgment. *Robinson*, 794 F.3d at 783.[2] To be timely, the motion must be filed within 28 days of the entry of judgment, and that deadline *cannot* be extended. FED. R. APP. P. 4(a)(4)(A)(iv), (vi); FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507 (2020). Once the motion is ruled on, the 30-day clock to file a notice of appeal will begin anew. *Banister*, 590 U.S. at

[2] *Accord Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (motion will toll time to appeal so long as it contains an identifiable and substantive reason for reconsidering); *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (in order to toll time for filing notice of appeal, motion must comply with Rule 7.1(b)(1) and "state with particularity the grounds for seeking the order" and "the relief sought").

508 (citing FED. R. APP. P. 4(a)(4)(A)(iv)).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for her prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).